UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM BRANDON SHANLEY,
    Plaintiff,

    v.

R. SCUDDER SMITH, et al.,
    Defendants.

No. 3:14-cv-01881 (JAM)

**ORDER OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

A federal court may dismiss an *in forma pauperis* action "at any time" if it determines that an action is "frivolous or malicious" or otherwise "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *Patterson v. Rodgers*, 708 F. Supp. 2d 225, 231–32 (D. Conn. 2010).

Plaintiff in this action has filed an *in forma pauperis* complaint alleging that defendants—including the *New York Times*, the *Hartford Courant*, and other media persons—have conspired to publish a photograph of children exiting Sandy Hook Elementary School with a caption falsely indicating that the photograph was taken on the morning of the tragic shooting there in December 2012. Plaintiff denounces "the criminal conspiracy that published the fake photograph" and the "perpetrators of an act of terrorism against me, the People of the United States and the World called 'The Sandy Hook Massacre.'" Doc. #1-1 at 3. Plaintiff seeks $5 billion in punitive damages.

Plaintiff's action easily warrants dismissal under § 1915(e)(2)(B). To begin with, plaintiff does not allege a plausible injury-in-fact to him personally that would suffice to establish standing for a federal court action. *See generally Lujan v. Defenders of Wildlife*, 504 U.S. 555

(1992). Nor does the complaint set forth conceivable grounds for relief under any of the four statutes that he cites as the basis for his action.

First, plaintiff seeks relief under a federal criminal statute, 18 U.S.C. § 1028, which criminalizes fraud relating to identification documents. Federal criminal laws are intended to be invoked and enforced by federal prosecutors, *see* 28 U.S.C. §§ 516, 547, and they do not ordinarily give rise to a private right of action by members of the public. *See Alexander v. Sandoval*, 532 U.S. 275, 286–87 (2001); *Republic of Iraq v. ABB AG*, 768 F.3d 145, 170 (2d Cir. 2014). As the Supreme Court has noted, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Obianyo v. Tennessee*, 518 F. App'x 71, 72 (3d Cir. 2013) (*per curiam*) (no private right of action under 18 U.S.C. § 1028); *Garay v. U.S. Bancorp*, 303 F. Supp. 2d 299, 302 (E.D.N.Y. 2004) (same).

Second, plaintiff relies on 18 U.S.C. § 1038, which not only criminalizes certain conduct involving hoaxes (such as anthrax hoax letters) but also provides for a private right of action for "any party incurring expenses incident to any emergency or investigative response" stemming from a defendant's criminal hoax scheme. 18 U.S.C. § 1038(b). Even assuming that defendants' conduct here amounted to the conveyance of false or misleading information, plaintiff has alleged no expenses that he incurred because of defendants' alleged actions. Accordingly, he has no plausible grounds for civil relief under 18 U.S.C. § 1038.

Third, plaintiff relies on 18 U.S.C. § 2333, which in part authorizes a civil action by "[a]ny national of the United States injured in his or her person, property, or business by reason of an act of international terrorism." 18 U.S.C. § 2333(a). As noted above, plaintiff has not plausibly alleged any injury from the publication-of-a-misleading-caption conduct about which

he complains. Nor does the conduct alleged involve an act of "international terrorism," which is defined in part to "involve violent acts or acts dangerous to human life" that "occur primarily outside the territorial jurisdiction of the United States, or transcend national boundaries in terms of the means by which they are accomplished, the persons they appear intended to intimidate or coerce, or the locale in which their perpetrators operate or seek asylum." 18 U.S.C. § 2331(1)(A), (C).

Finally, plaintiff relies on 18 U.S.C. § 2339, which criminalizes certain acts involving harboring or concealing terrorists. This provision is a criminal law and without a civil enforcement provision and that, for reasons described above, may not serve as the basis for a civil lawsuit.

In short, plaintiff's claims are frivolous and furnish no plausible or conceivable grounds for relief. Accordingly, the complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion to proceed *in forma pauperis* (Doc. #2) and motion to participate in electronic filing (Doc. #5) are DENIED as moot in light of the dismissal of this action.

It is so ordered.

Dated at Bridgeport this 15th day of January 2015.

/s/ Jeffrey Alker Meyer
Jeffrey Alker Meyer
United States District Judge